IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON MARTELL ODEN, #280023, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-134-WHA-SMD |
| | ) | [WO] |
| KAY IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Brandon Martell Oden brings this suit under 42 U.S.C. § 1983. *Compl.* (Doc. 1) pp. 2–5. On March 18, 2021, the undersigned entered an order finding several deficiencies in Plaintiff's complaint and ordering Plaintiff to file an amended complaint on or before April 8, 2021. *Order* (Doc. 8) pp. 1–3. The undersigned cautioned Plaintiff that failure to file an amended complaint would result in a recommendation that this case be dismissed for failure to prosecute. *Id.* at 4. To date, Plaintiff has failed to comply with the undersigned's order.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that such a "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed

to file an amended complaint in compliance with the undersigned's order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Thus, the undersigned RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this Recommendation on or before **October 5, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 21st day of September, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE